(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:- TORT - MOTOR VEHICLE TORT - ~~CONTRACT~~ - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. $CV \mathcal{2}004$ -
$01502$-B

PUNYAMURTULA S.
KISHORE ................., Plaintiff(s)

v.

ASSURANCE COMPANY
OF AMERICA ................., Defendant(s)

## SUMMONS

To the above-named Defendant: ASSURANCE COMPANY OF AMERICA

You are hereby summoned and required to serve upon ATTY GORDON HOOVER,

plaintiff's attorney, whose address is 15 COURT SQ BOSTON MA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DELVECCHIO, *Esquire*, at ......Dedham......the ...17th............

day of ......September......., in the year of our Lord two thousand and .04..............................

.................................... Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

County of Norfolk
The Superior Court

CIVIL DOCKET # **NOCV2004-01502-B**

RE: **Kishore v Assurance Company of America**

TO:Gordon E Feener, Esquire
15 Court Square
Suite 960
Boston, MA 02108

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 12/16/2004 |
| Response to the complaint filed (also see MRCP 12) | 02/14/2005 |
| All motions under MRCP 12, 19, and 20 filed | 02/14/2005 |
| All motions under MRCP 15 filed | 02/14/2005 |
| All discovery requests and depositions completed | 07/14/2005 |
| All motions under MRCP 56 served and heard | 08/13/2005 |
| Final pre-trial conference held and/or firm trial date set | 09/12/2005 |
| Case disposed | 11/11/2005 |

**The final pre-trial deadline is <u>not the scheduled date of the conference.</u>** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session "B" sitting in CtRm 3  Norfolk Superior Court.

Dated: 09/17/2004

Walter F. Timilty
Clerk of the Court

Location: CtRm 3
Telephone: (781) 326-1600

BY:
Assistant Clerk

Disabled Individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tclc
519963 notsent packerma

# CIVIL ACTION
# COVER SHEET

DOCKET NO.

Trial Court of Massachusetts
Superior Court Department
County: _____

PLAINTIFF(S)

*PUNYA MURTULA S. KISHORE*

DEFENDANT(S)

*ASSURANCE COMPANY OF AMERICA*

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE *617-742-7770*
*GORDON E. FEENER*
*15 COURT SQ SUITE 960, BOSTON MA*
Board of Bar Overseers number: *559143*

ATTORNEY (If known)

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)      TRACK         IS THIS A JURY CASE?

*A99*        *INSURANCE CONTRACT (F)*        (✓) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1.  Total hospital expenses .................................... $............
2.  Total Doctor expenses ...................................... $............
3.  Total chiropractic expenses ............................... $............
4.  Total physical therapy expenses ........................ $............
5.  Total other expenses (describe) ......................... $............
                                                        Subtotal $............
B.  Documented lost wages and compensation to date ........ $............
C.  Documented property damages to date .................... $............
D.  Reasonably anticipated future medical and hospital expenses $............
E.  Reasonably anticipated lost wages ....................... $............
F.  Other documented items of damages (describe)

                                                              $............
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                              $............
                                                      TOTAL $............

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

*DEFENDANT BREACHED THER CONTRACT WITH PLAINTIFF BY FAILING TO CONDUCT AN REASONABLE INVESTIGATION AND BY FAILING TO MAKE PAYMENT*

TOTAL $. *109,286.* ⁸⁹

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____      DATE: *9-15-04*

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                          NORFOLK SUPERIOR COURT
                                      CIVIL ACTION NUMBER MCW 2004
                                                          01502-13

PUNYAMURTULA S. KISHORE          )
      Plaintiff                  )
                                 )
                                 )  VERIFIED
V.                               )  COMPLAINT
                                 )
ASSURANCE COMPANY OF AMERICA     )
      Defendant                  )


     In summary, this action arises out of the defendant's breach

of an insurance contract by failing to pay for damages to the

plaintiff's property which was both insured and covered by an

insurance policy issued by the defendant insurance company.

Defendant breached contract covenants of good faith and fair

dealing by their conduct and action/inaction. Defendant engaged

in unfair conduct and violated Massachusetts consumer protection

law M.G.L. Chapter 93A


                         PARTIES

1.   Punyamurtula S. Kishore is an individual with an address of

     535 Clinton Road, Brookline, Norfolk County, Massachusetts

     02467.

2.   ASSURANCE COMPANY OF AMERICA, a.k.a. "ZURICH" is an

     insurance company with a principal place of business at

     ZURICH GROUP-AUBURN, P.O. Box 10197 Jacksonville, FL 32247-

     0197 and 1400 American Lane, Schaumburg, Illinois 60196

     (Attachment A & A1)

<u>1</u>

FACTS

3.  On and about January 14, 2004, and subsequent dates, the
    defendant insurance company provided commercial insurance
    coverage to the plaintiff under Policy No. PAS 43013888. The
    plaintiff paid the required premium. (Attachment A1)

4.  On or about February 7, 2004, the plaintiff's property was
    damaged as a result of freezing, broken pipes and water.

5.  On or about February 7, 2004 the plaintiff notified the
    defendant insurance company of the claim and damage.

6.  The plaintiff's damage was both insured and covered by
    Policy No. PAS 43013888. (Attachment A1).

7.  The defendant denied plaintiff's claim on or about May 17,
    2004 (Attachment "B").

8.  The defendant, through legal counsel reaffirmed their denial
    of coverage about June 18, 2004, and August 26, 2004.
    (Attachment "C" & "D")

9.  The defendant denied the plaintiff's claim without
    conducting a fair, through or adequate investigation.

<u>2</u>

10.  On or about August 26, 2004 the defendant denied plaintiff's request for their adjuster to reach an agreed figure on the damages with the insurance public insurance adjuster. (Attachment "D" )

11.  The plaintiff through its public insurance adjuster has estimated the damages to the building to be $109,286.29 not including plumbing repairs or emergency services. (Attachment "E")

12.  The defendant breached their contract with the plaintiff, by unilaterally, and without adequate notice, canceling the policy of insurance. (Attachment "F")

13.  The plaintiff has satisfied all conditions precedent to recovery.

<u>COUNT I</u>

Breach of Contract
(including contract covenants of good faith and fair dealing)

14.  Now comes the plaintiff in the above-entitled matter and incorporates by reference Paragraphs 1 through 13 and alleges the following:

<u>3</u>

15.  On and about January 14, 2004, and subsequent dates, the defendant insurance company provided commercial insurance coverage to the plaintiff under Policy No. PAS 43013888. (Attachment A1)

16.  On or about February 7, 2004 the plaintiff notified the defendant insurance company of the claim and damage.

17.  The plaintiff's damage was both insured and covered by Policy No. PAS 43013888. (Attachment A1).

18.  The defendant denied plaintiff's claim on or about May 17, 2004 (Attachment "B").

19.  As of September 6, 2004, the defendant has failed to pay any money to plaintiff for plaintiff's loss and damages.

20.  The defendant breached the contract of insurance by failing to pay plaintiff's claim and by denying plaintiff's claim without conducting a fair, objective and adequate investigation.

21.  The defendant breached the contract covenants of good faith and fair dealing by denying plaintiff's claim without conducting a fair objective and adequate investigation and

<u>4</u>

by refusing to reach an agreed figure as to the amount of damages.

21. The defendant breached the contract and contract covenants with the plaintiff, by unilaterally, and without adequate notice, canceling the policy of insurance.

COUNT II
Violation of Chapter 93A Section 1, 2, 11 et al

22. Now comes the plaintiff in the above-entitled matter and incorporates by reference Paragraphs 1 through 21 and alleges the following:

23. Both the plaintiff and defendant are engaged in trade or commerce as provided for by Massachusetts General Law Chapter 93A.

24. On and about January 14, 2004, and subsequent dates, the defendant insurance company provided commercial insurance coverage to the plaintiff under Policy No. PAS 43013888. (Attachment A1)

25. On or about February 7, 2004 the plaintiff notified the defendant insurance company of the claim and damage.

26. The plaintiff's damage was both insured and covered by Policy No. PAS 43013888. (Attachment A1).

5

27.  The defendant denied plaintiff's claim on or about May 17, 2004 (Attachment "B").

28.  As of September 6, 2004, the defendant has failed to pay any money to plaintiff for plaintiff's loss and damages.

29.  The defendant engaged in unfair business practice by failing to pay plaintiff's claim and by denying plaintiff's claim without conducting a fair objective and adequate investigation, and by refusing to reach an agreed figure as to the amount of damages.

30.  The defendant engaged in an unfair business practice, by unilaterally, and without adequate notice, canceling the policy of insurance.


## RELIEF REQUESTED

Now comes the plaintiff in the above-entitled matter and requests Judgment on Counts I and II and requests:

a.   Damages;

b.   Costs and attorney's fees;

c.   Treble damages;

d.   Other relief as this court may deem appropriate.

NORFOLK, ss.                COMMONWEALTH OF MASSACHUSETTS
                                    NORFOLK SUPERIOR COURT
                                    CIVIL ACTION NUMBER

PUNYAMURTULA S. KISHORE                 )
        Plaintiff                       )
                                        )
V.                                      )  VERIFIED
                                        )  COMPLAINT
ASSURANCE COMPANY OF AMERICA            )
        Defendant                       )
                                        )

        In summary, this action arises out of the defendant's breach of an insurance contract by failing to pay for damages to the plaintiff's property which was both insured and covered by an insurance policy issued by the defendant insurance company. Defendant breached contract covenants of good faith and fair dealing by their conduct and action/inaction. Defendant engaged in unfair conduct and violated Massachusetts consumer protection law M.G.L. Chapter 93A

                            PARTIES

1.   Punyamurtula S. Kishore is an individual with an address of 535 Clinton Road, Brookline, Norfolk County, Massachusetts 02467.

2.   ASSURANCE COMPANY OF AMERICA, a.k.a. "ZURICH" is an insurance company with a principal place of business at ZURICH GROUP-AUBURN, P.O. Box 10197 Jacksonville, FL 32247-0197 and 1400 American Lane, Schaumburg, Illinois 60196 (Attachment A & A1)

                              1

FACTS

3.    On and about January 14, 2004, and subsequent dates, the defendant insurance company provided commercial insurance coverage to the plaintiff under Policy No. PAS 43013888. The plaintiff paid the required premium. (Attachment A1)

4.    On or about February 7, 2004, the plaintiff's property was damaged as a result of freezing, broken pipes and water.

5.    On or about February 7, 2004 the plaintiff notified the defendant insurance company of the claim and damage.

6.    The plaintiff's damage was both insured and covered by Policy No. PAS 43013888. (Attachment A1).

7.    The defendant denied plaintiff's claim on or about May 17, 2004 (Attachment "B").

8.    The defendant, through legal counsel reaffirmed their denial of coverage about June 18, 2004, and August 26, 2004. (Attachment "C" & "D")

9.    The defendant denied the plaintiff's claim without conducting a fair, thorough or adequate investigation.

10.    On or about August 26, 2004 the defendant denied plaintiff's request for their adjuster to reach an agreed figure on the damages with the insurance public insurance adjuster. (Attachment "D" )

11.    The plaintiff through its public insurance adjuster has estimated the damages to the building to be $109,286.29 not including plumbing repairs or emergency services. (Attachment "E")

12.    The defendant breached their contract with the plaintiff, by unilaterally, and without adequate notice, canceling the policy of insurance. (Attachment "F")

13.    The plaintiff has satisfied all conditions precedent to recovery.


## COUNT I

Breach of Contract
(including contract covenants of good faith and fair dealing)

14.    Now comes the plaintiff in the above-entitled matter and incorporates by reference Paragraphs 1 through 13 and alleges the following:

15. On and about January 14, 2004, and subsequent dates, the defendant insurance company provided commercial insurance coverage to the plaintiff under Policy No. PAS 43013888. (Attachment A1)

16. On or about February 7, 2004 the plaintiff notified the defendant insurance company of the claim and damage.

17. The plaintiff's damage was both insured and covered by Policy No. PAS 43013888. (Attachment A1).

18. The defendant denied plaintiff's claim on or about May 17, 2004 (Attachment "B").

19. As of September 16, 2004, the defendant has failed to pay any money to plaintiff for plaintiff's loss and damages.

20. The defendant breached the contract of insurance by failing to pay plaintiff's claim and by denying plaintiff's claim without conducting a fair, thorough, objective and adequate investigation.

21. The defendant breached the contract covenants of good faith and fair dealing by denying plaintiff's claim without

<u>4</u>

conducting a fair objective and adequate investigation and by refusing to reach an agreed figure as to the amount of damages.

21a. The defendant breached the contract and contract covenants with the plaintiff, by unilaterally, and without adequate notice, canceling the policy of insurance.

<u>COUNT II</u>
Violation of Chapter 93A Section 1, 2, 11 et al

22. Now comes the plaintiff in the above-entitled matter and incorporates by reference Paragraphs 1 through 21 and alleges the following:

23. Both the plaintiff and defendant are engaged in trade or commerce as provided for by Massachusetts General Law Chapter 93A.

24. On and about January 14, 2004, and subsequent dates, the defendant insurance company provided commercial insurance coverage to the plaintiff under Policy No. PAS 43013888. (Attachment A1)

25. On or about February 7, 2004 the plaintiff notified the defendant insurance company of the claim and damage.

26. The plaintiff's damage was both insured and covered by Policy No. PAS 43013888. (Attachment A1).

27. The defendant denied plaintiff's claim on or about May 17, 2004 (Attachment "B").

28. As of September 16, 2004, the defendant has failed to pay any money to plaintiff for plaintiff's loss and damages.

29. The defendant engaged in unfair business practice by failing to pay plaintiff's claim and by denying plaintiff's claim without conducting a fair, thorough, objective and adequate investigation, and by refusing to reach an agreed figure as to the amount of damages.

30. The defendant engaged in an unfair business practice, by unilaterally, and without adequate notice, canceling the policy of insurance.

## RELIEF REQUESTED

Now comes the plaintiff in the above-entitled matter and requests Judgment on Counts I and II and requests:

a.   Damages;

b.   Costs and attorney's fees;

c.   Treble damages;

d.   Other relief as this court may deem appropriate.

### Attestation

I, Punyamurtula S. Kishore  , have read and reviewed the facts obtained within the Facts section of this Complaint and state that all facts contained within that section are true and correct to the best of my knowledge, information, and belief.

_____
Punyamurtula S. Kishore

### JURY DEMAND

The Plaintiff in this matter respectfully requests a jury trial on all issues of fact and damage.

### APPEARANCE

I, Gordon E. Feener, 15 Court Square, Suite 960, Boston, Massachusetts 02108, hereby enter my appearance on behalf of Plaintiff in the above action.

Respectfully Submitted,
Plaintiff,
By Their Attorney,

_____
GORDON E. FEENER
BBO #559143
15 COURT SQUARE, SUITE 960
BOSTON, MA 02108

7



**ZURICH**

# ASSURANCE COMPANY OF AMERICA

### ADMINISTRATIVE OFFICES
### 1400 AMERICAN LANE
### SCHAUMBURG, ILLINOIS  60196

## PRECISION PORTFOLIO POLICY

### For

PUNYAMURTULA S. KISHORE
535 CLINTON RD
BROOKLINE MA 02467

### By

NORTHEAST INSURANCE AGENCY, INC.
648 HIGHLAND AVE
NEEDHAM HEIGHTS MA 02494-2236

In witness whereof, the Company has executed this policy and, where required by law, has caused this policy to be countersigned by its duly Authorized Representative.

_John J. McCartney_
President

_[signature]_
Secretary

BSS006 Ed 3-00



## PRECISION PORTFOLIO POLICY INDEX

YOUR POLICY CONSISTS OF THE FOLLOWING SECTIONS AND COVERAGE PARTS:

### Common Policy Materials

- Common Declarations
- Supplemental Declarations, if necessary
- Common Policy Conditions
- Common Policy Forms and Endorsements, if necessary

### Commercial Property Coverage Part

- Property Declarations
- Building and Personal Property Schedule
- Special Schedules of Property, if necessary
- Supplemental Declarations, if necessary
- Building and Personal Property Coverage Form
- Commercial Crime Coverage Form
- Commercial Property Endorsements, if necessary

### Commercial General Liability Coverage Part

- Commercial General Liability Declarations
- General Liability Schedule
- Supplemental Declarations, if necessary
- Commercial General Liability Coverage Form
- Commercial General Liability Endorsements, if necessary

Forms and Endorsements Applicable (list)

9S5014 Ed 3-00



# ZURICH

# precision portfolio policy



Zurich North America
Small Business

office
INSURANCE PROGRAM

740278 (Ed 5-02)



**ZURICH**

## THIS IMPORTANT DISCLOSURE NOTICE IS PART OF YOUR POLICY

We are making the following informational disclosures in compliance with The Terrorism Risk Insurance Act of 2002. No action is required on your part.

### Disclosure of Terrorism Premium

The premium charge for risk of loss resulting from acts of terrorism (as defined in the Act) under this policy is $_____19.00_____. This amount is reflected in the total premium for this policy.

### Disclosure of Availability of Coverage for Terrorism Losses

As required by the Terrorism Risk Insurance Act of 2002, we have made available to you coverage for losses resulting from acts of terrorism (as defined in the Act) with terms, amounts, and limitations that do not differ materially as those for losses arising from events other than acts of terrorism.

### Disclosure of Federal Share of Insurance Company's Terrorism Losses

The Terrorism Risk Insurance Act of 2002 establishes a mechanism by which the United States government will share in insurance company losses resulting from acts of terrorism (as defined in the Act) after an insurance company has paid losses in excess of an annual aggregate deductible. For 2002, the insurance company deductible is 1% of direct earned premium in the prior year; for 2003, 7% of direct earned premium in the prior year; for 2004, 10% of direct earned premium in the prior year; and for 2005, 15% of direct earned premium in the prior year. The federal share of an insurance company's losses above its deductible is 90%. In the event the United States government participates in losses, the United States government may direct insurance companies to collect a terrorism surcharge from policy-holders. The Act does not currently provide for insurance industry or United States government partici-pation in terrorism losses that exceed $100 billion in any one calendar year.

### Definition of Act of Terrorism

The Terrorism Risk Insurance Act defines "act of terrorism" as any act that is certified by the Secretary of the Treasury, in concurrence with the Secretary of State and the Attorney General of the United States:

1. to be an act of terrorism;

2. to be a violent act or an act that is dangerous to human life, property or infrastructure;

3. to have resulted in damage within the United States, or outside of the United States in the case of an air carrier (as defined in section 40102 of title 49, United 17 States Code) or a United States flag vessel (or a vessel based principally in the United States, on which United States income tax is paid and whose insurance coverage is subject to regulation in the United States), or the premises of a United States mission; and

4. to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

But, no act shall be certified by the Secretary as an act of terrorism if the act is committed as part of the course of a war declared by Congress (except for workers' compensation) or property and casualty insurance losses resulting from the act, in the aggregate, do not exceed $5,000,000.

These disclosures are informational only and do not modify your policy or affect your rights under the policy.

Copyright Zurich American Insurance Company 2002

Z-Disc-P
U-GU-630-A (11/02)