## UNITED STATE DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PUNYAMURTULA S. KISHORE,<br><br>    Plaintiff;<br><br>v.<br><br>ASSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | )<br>)<br>)<br>)  CIV. NO.  1:04-CV-12175<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>) |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ASSURANCE COMPANY OF AMERICA

Defendant, Assurance Company of America ("Assurance"), by and through its counsel, denying every allegation of the complaint not specifically admitted herein, hereby files this answer and affirmative defenses and responds to the enumerated paragraphs in the Complaint filed by the plaintiff, Punyamurtula S. Kishore ("Plaintiff") as follows:

1. Admitted.

2. Admitted in part; denied in part.  It is admitted that Assurance is an insurance company with a principal place of business at 1400 American Lane, Schaumburg, Illinois 60196.  The remaining averments of paragraph 2 are denied.

3. Admitted, except that a complete copy of the policy was not attached to the Complaint.  The policy forms that form a part of the policy which were omitted from Attachment A1 to the Complaint include Form 9S1001 Ed. 4-99, which is attached hereto as Ex. "A."

4. Denied.  Assurance lacks sufficient information to form a belief as to the truth of the averments set forth in paragraph 4 of Plaintiff's Complaint.  Assurance has previously sought to perform an investigation of this issue, but was precluded by the Plaintiff from doing so.  Therefore, paragraph 4 of Plaintiff's Complaint should be deemed denied.

5. Denied.  Plaintiff provided notice of the loss on February 11, 2004.

6.Denied. Paragraph 6 of Plaintiff's Complaint contains legal conclusions to which no response is necessary. Further, Assurance expressly denies that Plaintiff's damage is covered under the insurance contract.

7.The letter dated May 17, 2004, which is attached to Plaintiff's Complaint, is a writing which speaks for itself, and therefore, any attempt to characterize its content should be deemed denied.

8.Denied. The letters referred to in paragraph 8 of Plaintiff's Complaint are writings which speak for themselves, and therefore, any attempt to characterize their content is denied. Moreover, the purpose of the letters referenced was not to reaffirm denial of coverage, but rather to continue its investigation of the claim.

9.Denied. Defendant conducted a fair and adequate initial evaluation of the claim. When additional assertions were made by plaintiff, Assurance attempted to conduct further investigation, but was precluded by the plaintiff from doing so.

10.Denied. The letter referenced in paragraph 10 of Plaintiff's Complaint is a writing which speaks for itself, and therefore, any attempt to characterize its content is denied. By way of further answer, the purpose of the letter of August 26, 2004 as expressly stated within that letter, was to continue the investigation of the Plaintiff's claim.

11.Admitted in part; denied in part. It is admitted that Plaintiff has provided an estimate of damage in the amount of $109,286.29. It is expressly denied that that valuation of damages is accurate, or that those damages are covered under the insurance contract.

12.Denied. Paragraph 12 of the Plaintiff's Complaint contains legal conclusions to which no response is required. Nevertheless, it is expressly denied that defendant breached the contract by canceling the policy of insurance.

13.     Denied.  Paragraph 13 of the Plaintiff's Complaint contains legal conclusions to which no response is required.  Nevertheless, it is expressly denied that Plaintiff has satisfied all conditions precedent to recovery.  To the contrary, Plaintiff has breached the cooperation clauses of the insurance policy.

## Count I

### Breach of Contract

14.     Assurance adopts and realleges the responses and allegations contained in paragraphs 1 through 13 as if specifically set forth herein.

15.     Admitted.

16.     Denied.  Plaintiff provided notice of the loss on February 11, 2004.

17.     Denied.  Paragraph 17 of Plaintiff's Complaint contains legal conclusions to which no response is necessary.  Further, Assurance expressly denies that Plaintiff's damage is covered under the insurance contract.

18.     The letter dated May 17, 2004, which is attached to Plaintiff's Complaint, is a writing which speaks for itself, and therefore, any attempt to characterize its content should be deemed denied.

19.     Admitted.

20.     Denied.  Paragraph 20 of Plaintiff's Complaint contains legal conclusions to which no response is required.  Nevertheless, it is specifically denied that Assurance has breached the insurance contract.  It is further denied that Assurance failed to conduct a fair and thorough investigation of the claim.  To the contrary, Assurance attempted to give the Plaintiff every benefit of the doubt, but was precluded from concluding its supplemental investigation as a result of the Plaintiff's failure to cooperate in accordance with the contractual requirements of the insurance policy.

21.     Denied.  Paragraph 21 of Plaintiff's Complaint contains legal conclusions to which no response is required.  Nevertheless, it is specifically denied that Assurance has breached the covenants of good faith and fair dealing.  It is further denied that Assurance failed to conduct a fair and thorough investigation of the claim.  To the contrary, Assurance attempted to give the Plaintiff every benefit of the doubt, but was precluded from concluding its supplemental investigation as a result of the Plaintiff's failure to cooperate in accordance with the contractual requirements of the insurance policy.

21.(a)  Denied.  Paragraph 21(a) of the Plaintiff's Complaint contains legal conclusions to which no response is required.  Moreover, it is expressly denied that the Defendant breached the insurance contract by canceling the policy of insurance.

WHEREFORE, the defendant, Assurance Company of America, respectfully demands judgment in its favor and against the Plaintiff, Punyamurtula S. Kishore, together with interest, court costs, and such other relief as this Honorable Court shall deem just and proper.

## Count II

### (Violation of Chapter 93(a) §1, 2, 11, et al.)

22.     Assurance adopts and realleges the responses and allegations contained in paragraphs 1 through 21(a) as if specifically set forth herein.

23.     Paragraph 23 of the Plaintiff's Complaint contains legal conclusions to which no response is required.

24.     Admitted.

25.     Denied.  Plaintiff provided notice of the loss on February 11, 2004.

26.     Denied.  Paragraph 26 of Plaintiff's Complaint contains legal conclusions to which no response is necessary.  Further, Assurance expressly denies that Plaintiff's claim is

covered under the insurance contract. The bases for this conclusion are outlined in Defendant's Affirmative Defenses which are incorporated by reference herein.

27. The letter dated May 17, 2004, which is attached to Plaintiff's Complaint, is a writing which speaks for itself, and therefore, any attempt to characterize its content should be deemed denied.

28. Admitted.

29. Denied. Paragraph 29 of the Plaintiff's Complaint contains legal conclusions to which no response is required. Moreover, it is expressly denied that Assurance engaged in any unfair business practice or failed to conduct a fair and adequate investigation of the claim. To the contrary, Assurance was precluded from concluding its supplemental investigation as a result of Plaintiff's wrongful refusal to cooperate.

30. Denied. Paragraph 30 of the Plaintiff's Complaint contains legal conclusions to which no response is required. Moreover, it is expressly denied that Assurance engaged in any unfair business practice by canceling the policy of insurance.

WHEREFORE, the defendant, Assurance Company of America, respectfully demands judgment in its favor and against the Plaintiff, Punyamurtula S. Kishore, together with interest, court costs, and such other relief as this Honorable Court shall deem just and proper.

## Affirmative Defenses

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred and/or limited by the terms, provisions, conditions, exclusions, exceptions and limitation set forth in the insurance contract.

### Third Affirmative Defense

Plaintiff's claims are barred as a result of his failure to comply with all of the terms and conditions required by the insurance contract, including without limitation, his duty to provide prompt notice of the loss, mitigate damage, protect and preserve the subject property, and allow inspection of the subject property.

### Fourth Affirmative Defense

Plaintiff's claim under Count II of the Complaint is barred because plaintiff has failed to comply with the statutory requirements for asserting a claim under G.L. c. 93A.

### Fifth Affirmative Defense

Plaintiff is estopped from recovery by his own acts and conduct.

### Sixth Affirmative Defense

Plaintiff's claims are barred to the extent the property did not sustain direct physical loss during the policy period.

### Seventh Affirmative Defense

Plaintiff's claims are barred to the extent the claimed damage was not caused by a fortuitous covered event.

### Eighth Affirmative Defense

Plaintiff's claims are barred because all or some of the claimed damage was not caused by a covered cause of loss that the policy insured against.

### Ninth Affirmative Defense

Plaintiff's claims are barred under the known loss and/or loss in progress doctrines to the extent that all or some of the claimed damage resulted from a cause and/or condition that predated the inception date of the policy.

### Tenth Affirmative Defense

Plaintiff's claims are subject to the policy's co-insurance and deductible conditions.

### Eleventh Affirmative Defense

1. The policy includes the following vacancy condition:

    1. Description of Terms

        (a) As used in this Vacancy Condition, the term building and the term vacant have meanings set forth…below:

            2. When this policy is issued to the owner of a building, building means the entire building. Such building is vacant when 70% or more of its total square footage: (a) is not rented; b) is not used to conduct customary operations.

                                    ***

    2. Vacancy Provisions

        If the building where the loss or damaged occurs has been vacant for more than 60 consecutive days before that loss or damage: (a) we will not pay for loss or damage caused by…water damage.

2. Prior to the loss, the building had been vacant for a period of time exceeding 60 consecutive days.

### Twelfth Affirmative Defense

Coverage under the insurance contract is barred or limited by the following exclusionary language:

> We will not pay for loss or damage caused by or resulting from any of the following:
>
>                         ***
>
> (c)(2) rust, corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself . . . .

### Thirteenth Affirmative Defense

Coverage is barred or limited by the following policy exclusion:

> We will not pay for loss or damage caused by or resulting from any of the following:
>
> ***
>
> (e) continuous or repeated seepage or leakage of water that occurs over a period of fourteen (14) days or more.

### Fourteenth Affirmative Defense

Coverage is barred or limited by the following policy exclusion:

> We will not pay for loss or damage caused by or resulting from any of the following:
>
> ***
>
> (f) water, or other liquids, powder or molten material that leaks or flows from plumbing, heating, or air conditioning or other equipment (except fire protection systems) caused by or resulting from freezing, unless: (1) you do your best to maintain heat in the building or structure; or (2) you drain the equipment and shut off the supply if the heat is not maintained.

### Fifteenth Affirmative Defense

1.  The policy states as follows concerning the insured's duty to cooperate in the event of loss or damage:

> 1. In the event of loss or damage to Covered Property you must:
>
> ***
>
> (a) Give us prompt notice of the loss or damage. Include a description of the property involved.
>
> ***
>
> (f) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
>
> (g) Send us a signed sworn proof of loss containing information we request to investigate the claim. You must do this within sixty (60)

>days after our request. We will supply you with the necessary forms.
>
>(h) Cooperate with us in the investigation or settlement of the claim.
>
> ***
>
>3.   We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required about any matter relating to this insurance of the claim, including an insured's books and records.

2.   By refusing to cooperate in the investigation of the claim, by refusing to submit to any examination under oath, and by refusing to provide documents requested, the Plaintiff has violated these loss conditions.

3.   As a result of this failure to comply, Plaintiff is precluded from bringing this suit pursuant to the "Legal Action Against Us" clause on page 23 of the policy's Building and Personal Property Coverage Form.

Correspondence pertaining to plaintiff's refusal to cooperate and refusal to appear to testify in an examination under oath are attached hereto as Exhibits "B" through "L."

**Sixteenth Affirmative Defense**

Subject to Assurance's continued investigation of this claim, and any other information developed during the course of its investigation or during discovery, there may be other terms, conditions, limitations or exclusions contained in the policy of insurance that bar, or limit, coverage in this matter. Assurance reserves the right to assert any further affirmative defenses as the facts develop in this case.

WHEREFORE, the defendant, Assurance Company of America, respectfully demands judgment in its favor and against the Plaintiff, Punyamurtula S. Kishore, together with interest, court costs, and such other relief as this Honorable Court shall deem just and proper.

## Jury Trial Demand

The defendant, Assurance Company of America, demands a trial by jury on all issues so triable.

Respectfully submitted,

**ASSURANCE COMPANY OF AMERICA**

By its attorneys,

Dated: October 28, 2004

_____
Anthony R. Zelle, BBO No. 548141
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA 02108-4404
Tel: (617) 557-5900
Fax: (617) 557-5999

William F. Stewart, Esquire
**COZEN O'CONNOR**
200 Four Falls Corporate Center
Suite 400
West Conshohocken, PA  19428
Phone:  (610) 832-8369
Facsimile:  (610) 941-5400

## CERTIFICATE OF SERVICE

I, Anthony R. Zelle, hereby certify that on October 28, 2004, I served a copy of this document on counsel for plaintiff, Gordon E. Feener, 15 Court St., Ste. 960, Boston, MA 02108 by first class mail.

_____
Anthony R. Zelle