# Exhibit H to

# Answer and Affirmative Defenses of Defendant Assurance Company of America



| | | |
|---|---|---|
| PHILADELPHIA | **COZEN** | NEW YORK |
| ATLANTA | | NEWARK |
| CHARLOTTE | | SAN DIEGO |
| CHERRY HILL | | SAN FRANCISCO |
| CHICAGO | **O'CONNOR** | SEATTLE |
| DALLAS | ATTORNEYS | WASHINGTON, DC |
| LAS VEGAS | | WEST CONSHOHOCKEN |
| LONDON | | WILMINGTON |
| LOS ANGELES | | |

A PROFESSIONAL CORPORATION

SUITE 400    200 FOUR FALLS CORPORATE CENTER    P.O. BOX 800    WEST CONSHOHOCKEN, PA 19428-0800
610.941.5400    800.379.0695    610.941.0711 FAX    www.cozen.com


**William F. Stewart**
Direct Phone 610.832.8356
Direct Fax    877.295.6879
WSTEWART@COZEN.COM


**Madeline Caprioli Hamilton**
Direct Phone 610.832.8352
Direct Fax    215-701-2193
MCAPRIOLI@COZEN.COM


June 18, 2004



**Via Facsimile (781) 444-8840**
**and Certified Mail**
**Return Receipt Requested**

Eric Raisman
Eric Raisman Public Insurance Adjusters, Inc.
245 Country Way
Needham, MA 02492


        Re:    Dr. Punyamurtula Kishore
              Date of Loss: February 7, 2004
              Policy No.: PAS 43013888
              Claim No.: 5350005354-001
              Our File No.: 152429.000

Dear Mr. Raisman:

      Please be advised that we have been retained by Zurich American Insurance Company ("Zurich") regarding the water loss that occurred at 15 Maple Avenue, Bridgewater, MA 02324 on or about February 7, 2004.

      We have been retained to provide legal advice to Zurich regarding its investigation of your client's reported loss. The purpose of Zurich's investigation is to

June 18, 2004
Page 2

---

gather sufficient facts relevant to this loss to allow Zurich to make an informed decision regarding its liability, if any, for your client's claim. This investigation is continuing.

As you know, Zurich denied your client's water loss claim by way of letter to you dated May 17, 2004 based on several policy defenses, including the policy's vacancy provision, the exclusion for the continuous or repeated seepage of water over a period of 14 days or more and the insured's failure to mitigate damages. In its May 17, 2004 letter, Zurich reserved its right to assert other policy defenses should it learn additional facts during its investigation to support those additional defenses.

You recently provided Zurich with additional information, including cancelled checks, deposit summaries and transaction detail statements, to attempt to establish that your client's business or employer, Preventative Medicine Associates, Inc., rented the insured property from your client at the time of the loss. This matter, of course, would be relevant to Zurich's analysis of whether the policy's vacancy provision excludes the loss. Therefore, Zurich agrees to continue its investigation of your client's claim of loss. You and your client should be advised, however, that Zurich's original determination that it has no liability for this loss will remain in effect until the conclusion of Zurich's continued investigation. Zurich will then advise you accordingly of the results of its investigation. You are hereby advised that nothing done by Zurich, or anyone acting on its behalf, related to the investigation of your client's claim, or the circumstances of your client's loss, shall be construed as an admission of liability by the insurance company.

As the named insured on the pertinent policy of insurance, it is the obligation of Dr. Punyamurtula Kishore to fulfill specific duties after loss. These duties are set forth in the insurance policy that Zurich issued to Dr. Kishore. The pertinent policy provisions read as follows:

> IV. LOSS CONDITIONS
>
> C. Duties in the Event of Loss or Damage
>
> 1.   In the event of loss or damage to Covered Property, you must:
>
> \*         \*         \*
>
> > b.   Give us prompt notice of the loss or damage. Include a description of the property involved.
> >
> > c.   As soon as possible, give us a description of how, when and where the loss or damage occurred.

June 18, 2004
Page 3

      d.    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. Also, if feasible, set the damaged property aside and in the best possible order for examination.

      e.    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

      f.    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also permit us to take samples of damaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

      g.    Send us a signed, sworn proof of loss containing the information we requested to investigate the claim. You must do this within sixty (60) days after our request. We will supply you with the necessary forms.

      h.    Cooperate with us in the investigation or settlement of the claim.

      \*        \*        \*

3.    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In such event, an insured's answers must be signed.

Zurich wishes to examine Dr. Punyamurtula Kishore under oath regarding the basis of his claim, the circumstances of the reported loss and any other matters relating to the insurance and the insured property. Accordingly, a demand is hereby made for Dr. Punyamurtula Kishore to appear for an examination under oath to be held on Monday, June 28, 2004, beginning at 10:00 a.m. at the offices of O'Brien & Levine Court Reporting Services located at 1287 Commonwealth Avenue, Allston, MA 02134-4905. The examiner designated by Zurich shall be William F. Stewart, Esquire or Madeline Caprioli Hamilton, Esquire, or any other member of the law firm of Cozen

June 18, 2004
Page 4

---

O'Connor. The examination of Dr. Kishore will continue from day to day until concluded. If, for any reason, Dr. Kishore is unavailable for his examination on the above date or at the time or place indicated above, please contact me immediately so that alternative arrangements can be made. In any event, unless Dr. Kishore makes specific arrangements with me, he is expected to appear at the time and place indicated in this letter.

According to the terms and conditions of the insurance policy, Dr. Kishore is also required to produce at or before the time of his examination, the following documentation for our inspection and copying. In the event that any of the requested records exist, but are not in your or your client's possession, please advise which records exist and who presently has possession, custody or control of those documents. You should forward all of the requested records to me at the address set forth on this letterhead as soon as possible prior to the examination under oath. This will allow Zurich's continued investigation to conclude as quickly as possible. Please have your client provide the following records:

(1) The original of all policies of insurance upon which this claim has been made, and any other policies of insurance existing at the time of the loss that may cover the damaged property, including the policy itself, declarations pages, policy jackets, etc.;

(2) The original or copies of all policies of insurance that Dr. Kishore has ever had on the property located at 15 Maple Avenue, Bridgewater, MA, since he has owed or had any interest in the property, including the policy itself, declarations pages, policy jackets, etc.;

(3) All original photographs of the exterior or interior of the insured property and/or any insured business or personal property both before and after the loss;

(4) All documents that evidence and/or indicate Dr. Kishore's ownership of or interest in the insured property at the time of the loss, including the land, building and contents;

(5) The entire file of Eric Raisman regarding the water loss that is the subject of this claim;

(6) All documents that reflect insurance claims of any kind or nature whatsoever made by Dr. Kishore or on his behalf, or made on behalf of Preventative Medicine Associates, Inc. and/or Bridgewater Family Medicine at any time, before or after, the water loss that is the subject of this claim;

(7) All documents that evidence Dr. Kishore's past and present ownership of, interest in or relationship to Preventative Medicine Associates, Inc. and Bridgewater Family Medicine;

June 18, 2004
Page 5

---

(8) The names of any individuals who may have knowledge of the water loss that is the subject of this claim, and the home and work addresses and telephone numbers of those individuals, including without limitation, Sky Matthews and the individual the insured refers to as "Dan the Plumber";

(9) All documents that evidence any rental of the insured property from the date Dr. Kishore acquired any ownership or interest in the insured property to the present, including leases, correspondence, bills, receipts for payment of rent, etc.;

(10) All documents that Dr. Kishore or his representatives or agents sent to or received from any insurance agents, brokers or insurance companies relating to his application or request for any insurance coverage for the insured property;

(11) All documents that reflect any estimates the insured received from any contractor, building company, repairperson, plumber, etc. related to the water damage that your client claims occurred on or about February 7, 2004;

(12) All documents that reflect any payments that the insured made to any contractor, building company, repairperson, plumber, etc. related to the repair of any of the water damage that your client claims occurred on or about February 7, 2004;

(13) All documents that reflect any repairs, work, upgrades, renovations, etc. that Dr. Kishore made to the insured property prior to the water loss that is the subject of this claim;

(14) All documents that reflect any damage to the insured property by fire, water or any other cause that occurred prior to the water loss that is the subject of this claim,

(15) All documents that reflect the value of and description of any business or personal property Dr. Kishore claims was damaged by the water loss that is the subject of this claim;

(16) All documents that reflect the name of any contractor, building company, repairperson, plumber, etc. that you or your client consulted in any fashion regarding the repair of the water damage that your client claims occurred on or about February 7, 2004, regardless of whether or not you or your client used those companies to perform any work or repairs to the insured property;

(17) As referenced in Pharrel Wener's June 3, 2004 letter to you, all documents that evidence other "tenant at will" relationships that Preventative Medicine Associates has with properties other than the insured property;

June 18, 2004
Page 6

---

(18)   All documents that pertain to any attempts by Dr. Kishore or anyone acting on his behalf or on behalf of Preventative Medical Associates to obtain a specific type of zoning for the insured property at any time prior to the water loss that is the subject of this claim or the present, including without limitation, correspondence, zoning orders, notes or minutes of zoning meetings, zoning board decisions or determinations, etc.; and

(19)   All other documents or materials that relate to the insurance claim in question or that support the alleged water loss to the extent not already provided to Zurich.

Zurich must examine and evaluate all of the available documents and other writings requested before it can conclude its continued investigation of this claim. Your client's submission to us of the above listed materials as soon as possible prior to the date of the examination under oath will greatly assist all parties by reducing the amount of time required to conduct the examination. If your client requires more time to collect and produce the demanded documentation, then please advise me of this fact so that we may postpone your client's examination to a mutually convenient time after his documentation has been produced. If available, original documents and papers are sought, rather than photocopies.

Please be advised that your client does not need to resubmit documents or materials previously provided to Zurich or its agents. Your client should be prepared, however, to advise Zurich which documents have already been produced, when they were produced and who produced them on behalf of the insured.

Waiving none, but in every respect reserving to the Zurich American Insurance Company all of its rights and defenses under and pursuant to the policy of insurance involved herein, we remain,

Sincerely,

COZEN O'CONNOR

BY:   WILLIAM F. STEWART
      MADELINE CAPRIOLI HAMILTON

MCH/shs

cc:   Dr. Punyamurtula Kishore
      535 Clinton Road
      Chestnut Hill, MA  02467

June 18, 2004
Page 7

bcc:   Sonal P. Desai (Via facsimile)
       Kevin P. Macneil (Via facsimile)

---

420228140885
RPM-REHAB MEDICINE-PT/OT
250 KG OF PRUSSIA RD
RADNOR, PA  19087
(610)902-2270

MERCHANT 7290 400000010877 001
DATE : 09/22/04  07:28 AM

ACCOUNT #:   XXXXXXXXXXXX6994
TYPE:        VISA

REF #        2
BATCH #:     266001
AUTH #:      009374

SALE         $      15.00

I AGREE TO PAY THE ABOVE TOTAL AMOUNT
ACCORDING TO THE CARD ISSUER AGREEMENT
(MERCHANT AGREEMENT CREDIT VOUCHER)

X_____
             SIGNATURE

COPY-CUSTOMER

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage                $
Certified Fee
Return Receipt Fee          Postmark
(Endorsement Required)      Here
Restricted Delivery Fee                JUN 16 F1 04
(Endorsement Required)
Total Postage & Fees   $

Sent To: ERIC RAISMAN
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions

7003 1680 0004 6056 3612

---

7003 1680 0004 6056 3629

535 C... CHESTNUT HILL, MA 02467

7003 1680 0004 6056 3612

ERIC RAISMAN & ASSOCIATES, INC.
245 COUNTRY WAY
NEEDHAM, MA 02492